UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

JOSHUA MORRIS

VERSUS

CASE NUMBER:

KEVIN KELLY, INDIVIDUALLY, LASALLE MANAGEMENT COMPANY LLC dba LASALLE CORRECTIONS/THE JACKSON PARISH CORRECTIONAL CENTER, AND XYZ INSURANCE COMPANY

**COMPLAINT FOR DAMAGES UNDER 42 USC 1983**

**NOW INTO COURT,** through undersigned counsel, comes Joshua Morris, a citizen of majority of the Parish of Jackson, State of Louisiana, who respectfully represents:

1.

This is a case of cruel and unnecessary punishment and excessive force of a prisoner brought under 42 USC 1983 for violation of the Plaintiff's Fourth, Eighth and Fourteenth Amendment rights, and related state law claims under CC Article 2315. The Court has Federal Question jurisdiction for this case under 28 USC 1331. Venue is proper as all delicts occurred in Jackson Parish, Louisiana, which is in the Western District of Louisiana.

**FACTUAL ALLEGATIONS**

2.

The Jackson Parish Correctional Center/LaSalle Corrections is a private jail serving a public function traditionally run by state actors as a parish jail and housing facility for Department of Corrections inmates and acting under color of state law. Under the Supreme Court's "public function" test, a private entity acts under color of state law

"when that entity performs a function which is traditionally the exclusive province of the state." *Wong v. Stapling*, 881 F. 2d 200,202 (5th Cir. 1989). It is nominally supervised by the Jackson Parish Sheriff, which is required to allow the facility to house DOC inmates, but on information and belief, actually is supervised and managed by the Jackson Parish Correctional Center/LaSalle Corrections, a private entity acting as a public body, and Kevin Kelly's employer. In the event that discovery proves that Kelly's employer is the Sheriff, Plaintiff will amend the complaint upon receipt of that information.

3.

Made Defendants are:

- **Kevin Kelly,** a citizen of majority, at all times relevant serving a public function and acting under color of state law as a corrections officer at the Jackson Parish Correctional Center and in the course and scope of his employment for his employer. He is sued in his individual capacity;

- **LaSalle Management Company LLC**, a private company doing business as **Jackson Parish Correctional Center/LaSalle Corrections**, employer of Kelly, liable for his delicts under state law through the doctrine of respondiat superior; hereinafter referred to as "Jackson Parish Correctional Center" or "JPCC";

- **XYZ Insurance Company**, the insurer of the Jackson Parish Correctional Center and Kelly;

4.

Jackson Parish is a small, rural parish located in Northern Louisiana. Its population is only about 16,000 and most everyone knows each other. Its parish seat is

Jonesboro, with a population of under 5,000. Jackson Parish Correctional Center has become a major job creator in this small parish. It houses inmates for the Louisiana Department of Corrections and pretrial detainees for the parish of Jackson.

5.

Our case begins on or about October 7, 2017 with a misdemeanor arrest of Plaintiff, Joshua Morris, for improper telephone communications. Plaintiff was also recovering from an unrelated surgery to his midsection. Plaintiff then was sent to Jackson Parish Correctional Center in Jonesboro, Louisiana.

6.

Plaintiff had shrapnel removed from his hip the week prior and still had his stitches and bandages on while housed as a prisoner. Plaintiff was housed in a one-man cell at Jackson Parish Correctional Center, awaiting his court appearance and bail to be set.

7.

On or about October 7, 2017, Defendant Captain Kevin Kelly spotted Plaintiff in his cell and began joking with him until he recognized the family resemblance between Plaintiff and Plaintiff's older brother, Jeremy Watson.

8.

Recognizing Plaintiff as the younger brother of his nemesis, Jeremy Watson, Defendant Kelly began to become aggressive towards Plaintiff. He jumped on Plaintiff and began to savagely beat him.

9.

Defendant did not explain why he attacked Plaintiff, but Plaintiff's older brother, Jeremy, had gotten into a fight with Defendant several years in the past and administered a sound beating of Defendant Kelly. In small town Louisiana, such beatings are soon forgotten and never forgiven. While only Defendant knows for certain why he attacked Plaintiff, Plaintiff believes he was attacked in retaliation for that beating of Defendant by Plaintiff's brother years prior.

10.

The beating caused a herniated disc in Plaintiff's L4-L5, lacerations, contusions, and aggravation of the wounds from his hip surgery. This caused past and future medical expenses, past, present and future pain and suffering, mental anguish, fear, worry and anxiety, and loss of enjoyment of life.

11.

In no way did Plaintiff commit any transgressions or actions that deserved this attack. The beating served no penological purpose but was instead cruel and unusual punishment and excessive force, in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

12.

**SECOND CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT KELLY AND LIABILITY OF HIS EMPLOYER UNDER STATE LAW**

The Jackson Parish Correctional Center, as employer of Kelly, is vicariously liable for his state law delicts committed in the course and scope of his employment. Kelly's tortious conduct violates plaintiff's rights under La. CC art. 2315.

13.

## LIABILTY UNDER THE DIRECT-ACTION STATUTE

On information and belief, the Jackson Parish Correctional Center has a policy of insurance in place that would insure the employees of the JPCC for any delicts they cause while in the course and scope of their employment. The insurance company is therefore liable unto Plaintiff under the state's Direct-Action Statute. Its name will be discovered during litigation and added in an amended complaint. As of today, it will be named XYZ Insurance.

14.

All delictual acts occurred in the Parish of Jackson, State of Louisiana. Accordingly, venue is proper for the Western District of Louisiana.

15.

Attorney's fees are demanded, pursuant to 42 USC 1988, et seq.

16.

Punitive damages are demanded against Defendant Kelly for malicious violation of Plaintiff's federally protected rights;

17.

Damages exceed $400,000, excluding punitive damages and attorney's fees.

18.

Plaintiff requests that defendants deliver a certified copy of all insurance policies in effect at the time of the event that could give coverage in this case within thirty days service of this amended petition.

WHEREFORE, Plaintiff prays that this complaint be served on all defendants, and that after all delays and proceedings, a judgment be rendered in favor of Plaintiff and against defendants, awarding compensatory and punitive damages, attorney's fees, interest on attorney's fees, judicial interest from date of judicial demand, court costs, expert fees, and any other relief Equity and Justice Demand.

Respectfully Submitted,

S/Joseph J. Long
Joseph J. Long, TA
LA Bar Roll #25968
251 Florida Street, Suite 308
Baton Rouge, LA 70801
(225) 343-7288
josephjlong@juno.com