# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| JOSHUA MORRIS | * | CIVIL ACTION NO. 3:18-cv-01275 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| KEVIN KELLY ET AL | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

On July 10, 2019, plaintiff's counsel filed a motion to withdraw from the above-captioned matter. (Jul. 10, 2019 Order [doc. #13]). On July 11, 2019, the court granted the motion and ordered plaintiff to enroll new counsel or inform the court that he intends to continue pro se within thirty (30) days. (Jul. 11, 2019 Order [doc. # 14]). The court also stated that the "[f]ailure to comply, without good cause, will lead to sanctions, including the possibility of dismissal of this case. *Id*. The thirty-day deadline lapsed without a response from the Plaintiff.

Accordingly, on August 16, 2019, the court ordered plaintiff to show cause on or before August 23, 2019, why his complaint should not be DISMISSED for failure to comply with an order of this court. (Aug. 16, 2019 Order [doc. #15]). The court cautioned plaintiff that his continued failure to respond to court orders would serve as his tacit acknowledgement that he no longer wished to pursue this matter. *Id*.

The latest deadline of August 23, 2019, has passed, without any further submission or response from the plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it." Fed.R.Civ.P 41(b)(in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff h[im]self and not h[is] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Upon consideration, the court finds that this matter is subject to dismissal for failure to prosecute/heed orders of the court. Fed.R.Civ.P. 41(b). The court also finds that the requirements for dismissal with prejudice are satisfied in this case. The plaintiff has ignored two court orders and is not actively pursuing his case.[1] Thus, no lesser sanction better serves the interest of justice. In addition, plaintiff's failure to respond to court orders reflects his own "stubborn resistance to authority"[2] that is personally attributable to him as a litigant unrepresented by counsel.[3]

---

[1] If the plaintiff disputes this inference, he may demonstrate so in his objection to this report and recommendation.

[2] *See Millan, supra.*

[3] **Error! Main Document Only.** While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant

For the foregoing,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of August 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))